IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                              Case No. 4:13-cr-00266 KGB

TONNEY LEE VALURE                                                          DEFENDANT

ORDER

Before the Court is defendant Tonney Lee Valure's *pro se* motion for compassionate release (Dkt. No. 45). The government responded in opposition to the motion (Dkt. No. 48). For the following reasons, the Court denies Mr. Valure's motion (Dkt. No. 45).

I.   Background

This Court sentenced Mr. Valure on September 8, 2015, to a term of 63 months of imprisonment in the Federal Bureau of Prisons ("BOP") to be followed by five years of supervised release after he pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Dkt. Nos. 26, 27, 33, 34). Mr. Valure requests a reduction in his sentence (Dkt. No. 45). The government opposes Mr. Valure's motion, asserting that the Court lacks jurisdiction because Mr. Valure did not exhaust his administrative remedies and, even if he had, compassionate release is not warranted (Dkt. No. 48, at 2-15).

II.  Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the arguments advanced by Mr. Valure.

## A. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Valure generally seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Valure seeks relief from this Court under the CARES Act, the Court denies his motion.

### B. Compassionate Release

The Court also has limited authority to consider requests pursuant to the compassionate release provision of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1).  To the extent that Mr. Valure seeks release under this provision, the Court denies without prejudice his request for failure to exhaust his administrative remedies based on the record before the Court at this time.  *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020) (dismissing a motion for compassionate release premised on COVID-19 concerns because there was no indication that the defendant had exhausted his administrative remedies with respect to that claim); *United States v. Annis*, No. CV161951JRTKMM, 2020 WL 1812421, at *2 (D. Minn. Apr. 9, 2020) (same).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced a sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v.*

*Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances. The Court is mindful of the concerns created by the COVID-19 pandemic, but the Court is not inclined under the circumstances presented in this case to ignore the compassionate release provision's exhaustion requirement.

On the record before the Court, Mr. Valure submitted his request for compassionate release to Warden Sproul on October 12, 2020 (Dkt. No. 48-1). Seven days later, Mr. Valure filed his motion for compassionate release with the Court (Dkt. No. 45). Warden Sproul denied Mr. Valure's request for a reduction in sentence on November 2, 2020 (Dkt. No. 48-2). On the record before the Court, it is not clear whether Mr. Valure has appealed the Warden's decision but the time for filing an appeal does not expire until November 22, 2020. Accordingly, on the current record Mr. Valure has not exhausted his administrative remedies and the Court denies without

prejudice any request by Mr. Valure for compassionate release and declines to address the merits of any such request. If he chooses to do so, Mr. Valure may refile his motion upon demonstrating that he has satisfied the exhaustion requirement set out in 18 U.S.C. § 3582(c)(1)(A).

### III. Conclusion

For these reasons, the Court denies Mr. Valure's motion (Dkt. No. 45).

It is so ordered this 18th day of November, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge